**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 16-1172

_____

ROBERT LIVINGSTON, JR.,
                                        Appellant

v.

ATTORNEY GENERAL NEW JERSEY;
ADMINISTRATOR NEW JERSEY STATE PRISON

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-12-cv-05450)
District Judge: Honorable Jerome B. Simandle

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on January 23, 2018

Before:   GREENAWAY, JR., KRAUSE, *Circuit Judges*,
and JONES, *District Judge.*[*]

(Opinion filed: January 30, 2018)

---

[*] The Honorable John E. Jones, III, United States District Judge for the Middle
District of Pennsylvania, sitting by designation.

OPINION[*]

KRAUSE, *Circuit Judge.*

Robert Livingston, Jr., appeals the District Court's dismissal of his habeas petition that claimed he was denied a fair trial because the prosecutor failed to provide Livingston's counsel with the victim's criminal history in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). The District Court dismissed the petition because the victim's criminal history would not have been admissible at trial. Because this Court held, subsequent to the District Court's dismissal of the petition, that it is reversible error to characterize admissibility as a "separate, independent prong of *Brady*," *Dennis v. Sec'y, Pa., Dep't of Corr.*, 834 F.3d 263, 310 (3d Cir. 2016) (en banc), we will reverse and remand to the District Court for reconsideration of whether Livingston's claim satisfies *Brady*.[1]

## I.      Background

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The Court in this case invited the views of Livingston's counsel and the Government on oral argument and was informed that there was no objection to submitting the case if the Court were persuaded on the briefs to remand. We commend J. Nicholas Ranjan, David M. Aceto, Douglas Baker, and Ali Parker of K&L Gates for their excellent representation of Livingston in this appeal on a pro bono basis. Lawyers who act pro bono fulfill the highest service that members of the bar can offer to indigent parties and to the legal profession.

Livingston was convicted by a jury of first-degree felony murder, second degree passion/provocation manslaughter, and an assortment of other crimes related to the killing of Morris Lewis—a killing that Livingston maintained was committed in self-defense. During trial preparation, Livingston's counsel asked the prosecution to provide information about Lewis's criminal or juvenile history, and was informed that Lewis had no arrests or adjudications. This report turned out to be in error—Lewis had arrests for a variety of crimes, had pled guilty to several offenses, and had a pre-trial status conference for one criminal matter scheduled at the time of his death.[2]

Livingston filed a motion for judgment of acquittal in the trial court, arguing, among other things, that the prosecution's failure to disclose Lewis's criminal history violated *Brady*, which holds that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment," 373 U.S. at 87. The state court rejected his claim based on its conclusion that the criminal history would not have been admissible at trial. It explained that although New Jersey Rule of Evidence 404(a)(2) allows defendants claiming self-defense to offer "[e]vidence of the violent or aggressive character of the victim . . . if [the defendant] claims that the victim was the aggressor," App. 76 (citing N.J. R. Evid. 404(a)(2)), here, "none of the victim's arrests or charges on the juvenile petitions were

---

[2] Lewis had arrests on juvenile petitions for burglary, receiving stolen property, criminal trespass, criminal mischief, theft, possession of a controlled dangerous substance with intent to distribute on or near school property, tampering with evidence, and resisting arrest, and he had pled guilty to both possession of a controlled dangerous substance with intent to distribute on or near school property and to joyriding. His scheduled pre-trial status conference was for receiving stolen property.

for crimes of violence, assaultive behavior or offenses against the person," App. 76-77. Because the suppressed material "would not have resulted in the discovery of any competent, admissible evidence," the state court determined there could be no *Brady* violation. App. 77.

Livingston's conviction was affirmed in relevant part on appeal to the Superior Court of New Jersey, Appellate Division; his petition for post-conviction relief was denied (after a nine-year delay) by the trial court and affirmed at the Appellate Division; and his certification for a discretionary appeal was denied by the New Jersey Supreme Court, *see State v. Livingston*, 42 A.3d 889 (N.J. 2012) (unpublished table decision). Livingston then filed a federal habeas petition in the District of New Jersey, which was dismissed with prejudice by the District Court.

After the District Court dismissed Livingston's case, this Court, sitting en banc, decided *Dennis*, which held that it is "contrary to clearly established law, as defined by the United States Supreme Court," to "append[] an admissibility requirement onto *Brady*." 834 F.3d at 306.

Livingston applied for a certificate of appealability, which a panel of this Court granted, noting that "the District Court appears to have denied this claim on the sole ground that the state courts deemed the evidence in question inadmissible under state law" and instructing the parties "to address the impact on the District Court's ruling of our subsequent ruling in [*Dennis*]." App. 59.

## II.    Jurisdiction and Standard of Review

4

The District Court had jurisdiction under 28 U.S.C. §§ 2241 and 2254, and we have jurisdiction under 28 U.S.C. §§ 1291 and 2253. *See Branch v. Sweeney*, 758 F.3d 226, 232 (3d Cir. 2014).

Because the District Court "based its decision on a review of the state court record and did not conduct an evidentiary hearing," our review of the District Court is plenary. *Dennis*, 834 F.3d at 280. But because Livingston's claim was adjudicated in state court "on the merits," Livingston's petition may only be granted if the state court's ruling "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d).

## III.    Discussion

This case is squarely controlled by *Dennis*, which explained that it is "'contrary to' clearly established federal law" to "[i]nterpret[] Supreme Court precedent in a manner that adds an additional element to the legal standard for proving a constitutional violation." 834 F.3d at 280-81 (quoting *Williams v. Taylor*, 529 U.S. 362, 393-94 (2000)).

The Supreme Court's opinion in *Brady* announced a three-part test for when the prosecution's failure to disclose evidence to defense counsel violates due process: (1) the evidence must be favorable to the accused; (2) the prosecution must have suppressed that evidence; and (3) the evidence must have been material. 373 U.S. at 87; *see also Lewis v. Horn*, 581 F.3d 92, 108 (3d Cir. 2009) (citing *Banks v. Dretke*, 540 U.S. 668, 691

5

(2004)). Because the *Brady* inquiry includes only three parts, we concluded in *Dennis* that the "characterization of admissibility as a separate, independent prong of *Brady* effectively added admissibility as a requirement." 834 F.3d at 310. Consequently, it is "contrary to clearly established law, as defined by the . . . Supreme Court" to "append[] an admissibility requirement onto *Brady*." *Id.* at 306.

Here, however the trial court did exactly that. That is, it "d[id] not . . . find a *Brady* violation" because the suppressed evidence "would not have resulted in the discovery of any *competent, admissible* evidence on behalf of the defendant's claim of self-[]defense." App. 77 (emphasis added). The trial court thus erred in denying Livingston relief based on "an additional element to the legal standard" that it improperly added, *Dennis*, 834 F.3d at 280-81 (citing *Williams*, 529 U.S. at 393-94), and the District Court, in turn, erred in concluding that the state court did not violate clearly established federal law as defined by the United States Supreme Court.

Although this error requires reversal, we do not reach whether Livingston's underlying petition is meritorious. The Government, while "not disput[ing] that *Dennis* is applicable here," Appellees' Br. 8, argues that the petition must nevertheless fail because Lewis's criminal and juvenile record is "not material" under *Brady*, Appellees' Br. 7. Because the District Court never assessed materiality, the Government also argues that, "without such analysis as a part of the record, it would be improper" to grant the petition. Appellees' Br. 9. We agree that the District Court should address this question in the first instance.

## IV. Conclusion

For the foregoing reasons, we will reverse and remand to the District Court to assess in the first instance whether, setting aside the admissibility of the evidence, Livingston has established a *Brady* violation.